IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

EASEPAL ENTERPRISES LIMITED,

    Plaintiff,

v.

MILLENNIUM OUTDOORS, LLC,

    Defendants.

Civil Action No. 3:25-cv-364-TSL-MTP

**EASEPAL ENTERPRISES LIMITED'S COMPLAINT FOR
DECLARATORY JUDGMENT AND JURY TRIAL DEMAND**

EasePal Enterprises Limited ("EasePal"), through its attorneys Bayramogu Law Offices, LLC, hereby complains and alleges against Millennium Outdoors, LLC ("Millennium") as follows:

### I.    NATURE OF THE ACTION

1. This is an action arising under the Declaratory Judgment Act and patent laws of the United States seeking a declaratory judgment of non-infringement and invalidity of United States Patent Nos. D727,046 (the "D'046 Patent") and D727,047 (the "D'047 Patent" and collectively referred to herein with the D'046 Patent as the "Asserted Patents"). A true and correct copy of the D'046 Patent is attached hereto as Exhibit 1. A true and correct copy of the D'047 Patent is attached hereto as Exhibit 2.

2. This is also an action under the Declaratory Judgment Act seeking a declaration that EasePal's conduct does not infringe Millennium's alleged trade dress rights, nor does it constitute unfair competition under the Lanham Act, 15 U.S.C. §1051 *et. seq*. EasePal further seeks a declaration that Millennium owns no rights in Millenium's alleged trade dress and/or that the alleged trade dress has not acquired distinctiveness.

## II.     JURISDICTION AND VENUE

3. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the patent laws of the United States, 35 U.S.C. § 1 et seq., and the trademark laws of the United States, 15 U.S.C. § 1051 et seq.

4. This court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, 15 U.S.C. § 1121, and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

5. Personal jurisdiction over Millennium is proper in this judicial district because Millennium is a resident of Mississippi and has its principal place of business in this district.

6. Venue is proper in this district under 28 U.S.C. § 1391(b) because Millennium is subject to personal jurisdiction in this judicial district, is a resident of Mississippi, and has its principal place of business in this district.

## III.     PARTIES

7. EasePal is a limited company organized under the laws of China with its principal place of business in Xiamen, China.

8. Upon information and belief, Millennium is a Mississippi limited liability company with a principal place of business at 201 Fairmont Plaza, Pearl, Mississippi 39208.

## IV. FACTUAL ALLEGATIONS

### A. The Prior Litigation.

9. EasePal owns all right, title, and interest in U.S. Patent No. D993,649 (the "D'649 Patent") entitled "Marine Fishing Chair." A true and correct copy of the D'649 Patent is attached hereto as Exhibit 3.

10. The D'649 Patent discloses and claims the non-functional, ornamental design for a marine fishing chair, which is described and shown from multiple perspectives in Figures 1-7.

11. EasePal manufactures a wide array of boating accessories including Portable Textilene Seats ("Textilene Seats"), which are commercial embodiments of the D'649 Patent.

12. The Textilene Seats are imported into the United States and sold through a network of distributors, including Leader Accessories, LLC ("Leader Accessories").

13. EasePal and Millennium are direct competitors in that both companies sell mesh boat seats and both companies hold patent rights in and to certain mesh boat seat designs, as reflected in the issuance of the D'649 Patent and the Asserted Patents.

14. On or about February 15, 2023, Millennium sued Leader Accessories for infringement of the Asserted Patents, trade dress infringement, unfair competition under the Lanham Act, 15 U.S.C. §1051 et. seq. in the District Court for the Western District of Wisconsin, Case No. 3:23-cv-00106-JDP-SIC, based on the sale and offers for sale of the Textilene Seats (the "Prior Litigation").

15. Millennium failed, refused and/or neglected to name EasePal as a party to the Prior Litigation despite the company's ownership of the D'649 Patent and EasePal's position as the supplier of the Textilene Seats sold by Leader Accessories that formed the basis for the Prior Litigation.

EASEPAL ENTERPRISES LIMITED'S COMPLAINT                                   CASE NO.
FOR DECLARATORY JUDGMENT

16. Millennium alleges in the Prior Litigation that the Textilene Seats infringe the Asserted Patents.

17. Millennium alleges that it has acquired trade dress protection for the overall design of the B100 Folding Boat Seat (the "Alleged Trade Dress"). The Alleged Trade Dress is shown below in Figures 1-3.

 

Figure 1                              Figure 2



Figure 3

18. Millennium has not secured federal registration of its Alleged Trade Dress from the USPTO.

19. Millennium secured entry of clerk's default against Leader Accessories based on its failure to timely answer or otherwise respond in the Prior Litigation.

20. Leader Accessories' request to set aside entry of clerk's default was denied by the court in the Prior Litigation, thereby factually establishing the company's liability for infringement of the Asserted Patents, trade dress infringement, and violation of the Lanham Act.

21. Millennium seeks to secure, at least, entry of a permanent injunction against Leader Accessories and EasePal, despite failing, refusing, or neglecting to name EasePal as a party to the Prior Litigation.

22. Millennium seeks to restrain EasePal from selling its Textilene Seats in the United States without any review of merits of the allegations made in the Prior Litigation.

### B. The USPTO's Issuance of the D'649 Patent to EasePal.

23. During prosecution of the D'649 Patent, the United States Patent and Trademark Office (the "USPTO") cited the Asserted Patents as prior art to the '649 Patent.

24. During prosecution of the D'649 Patent, the USPTO cited a commercial product offered for sale by Millennium, specifically the Millennium Marine Deck Chair ("MM Deck Chair") as prior art to the D'649 Patent.

25. During prosecution of the D'649 Patent, the USPTO cited a commercial product offered for sale by Millennium, specifically the Millennium Marine B100 Folding Boat Seat ("B100 Seat") as prior art to the D'649 Patent.

26. The USPTO did not assert the D'046 Patent as a basis to reject the claim of the D'649 Patent.

27. The USPTO did not assert the D'047 Patent as a basis to reject the claim of the D'649 Patent.

28. The USPTO did not assert the MM Deck Chair as a basis to reject the claim of the D'649 Patent.

29. The USPTO asserted the B100 Seat as a basis to reject the claim of the D'649 Patent.

30. After arguments by EasePal, the USPTO withdrew the assertion of the Asserted Patents and the B100 Seat as bases to reject the claim of the D'649 Patent.

31. The USPTO determined that the D'649 Patent was patentable with knowledge of and after consideration of the Asserted Patents, the MM Deck Chair, and the B100 Seat.

32. The USPTO considered the Asserted Patents and the B100 Seat to be separate examples of prior art.

C. **Millennium's B100 Seat and its Relation to the Asserted Patents and Trade Dress.**

33. The B100 Seat is not a commercial embodiment of the D'046 Patent.

34. The B100 Seat is not a commercial embodiment of the D'047 Patent.

35. The overall appearances of the design of the D'046 Patent and the corresponding design of the D'649 Patent are not substantially the same.

36. An ordinary observer would not perceive the overall appearances of the design of the D'046 Patent and the corresponding design of the D'649 Patent to be substantially the same.

37. The overall appearances of the design of the D'047 Patent and the corresponding design of the D'649 Patent are not substantially the same.

38. An ordinary observer would not perceive the overall appearances of the design of the D'047 Patent and the corresponding design of the D'649 Patent to be substantially the same.

39. Due to the design differences between the B100 Seat and the design of the D'649 Patent, the ordinary observer would not purchase the chair having one design supposing it to be the other.

40. Many competitors to Millennium are currently, and have been for years, marketing, distributing, offering for sale, and selling goods in interstate commerce that feature a similar overall design to that of the B100 Seat, which were

41. The overall design of the B100 Seat is a common design for folding mesh seats.

42. The basic design detail of a folding seat restrained by a strap has been known to the public for over 100 years.

43. Millennium disclosed and sold mesh seats of nearly identical design to the design claimed in the D'046 Patent more than two years prior to earliest effective filing date of the application that resulted in the D'046 Patent.

44. Millennium disclosed and sold mesh seats of nearly identical design to the design claimed in the D'047 Patent more than two years prior to earliest effective filing date of the application that resulted in the D'047 Patent. A true and correct copy of Millennium's 2012 Treestand Product Catalog is attached hereto as Exhibit 4

45. Millennium disclosed and sold its comfortMAX seat at least as early as October 21, 2012.

46. Millennium disclosed and sold its L360 Ladder Stand at least as early as October 21, 2012.

47. Millennium disclosed and sold its M100 Hang-On at least as early as October 21, 2012.

48. Millennium disclosed and sold its T100 Tripod at least as early as October 21, 2012.

49. Millennium disclosed and sold its L110 Single Ladder at least as early as October 21, 2012.

50. Millennium disclosed and sold its M300 Tree Seat at least as early as October 21, 2012.

51. Table 1 below shows the claimed design in the '046 Patent next to the Millennium T100 seat.



| D'046 Patent | Millennium T100 |

Table 1

52. Competitive products with overall designs similar to the B100 Seat were advertised, marketed, offered for sale, and sold in the United States prior to the effective filing dates of the Asserted Patents.

53. The Prowler Big Game II kayak, with an overall seat design similar to the B100 Seat was marketed to the public at least as early as January 23, 2014.[1] A true and correct copy of the webpage showing this seat design is attached hereto as Exhibit 5.

---

[1] https://web.archive.org/web/20140123203453/https:/www.blessthisstuff.com/stuff/sports/water-sports/prowler-big-game-ii-kayak/

8

54. Table 2 below shows the claimed design in the '046 Patent next to the boat seat of the Prowler Big Game II kayak,



Table 2

55. The Prowler Big Game II kayak creates a "basically the same" visual impression to the overall design of the D'046 patent.

56. The Prowler Big Game II kayak creates a "basically the same" visual impression to the overall design of the D'047 patent.

57. The Ascend FS12 kayak, with an overall seat design similar to the B100 Seat was marketed to the public at least as early as April 14, 2013.[2] A true and correct copy of the webpage showing this seat design is attached hereto as Exhibit 6.

58. The Ascend FS12 kayak creates a "basically the same" visual impression to the overall design of the D'046 patent.

59. The Ascend FS12 kayak creates a "basically the same" visual impression to the overall design of the D'047 patent.

---

[2] https://www.ohiogamefishing.com/threads/ascend-d10t-and-fs12-review-4-14-13.227129/

60. The Ascend FS128T kayak, with an overall seat design similar to the B100 Seat was marketed to the public at least as early as July 1, 2013.[3] A true and correct copy of the webpage showing this seat design is attached hereto as Exhibit 7.

61. The Ascend FS128T kayak creates a "basically the same" visual impression to the overall design of the D'046 patent.

62. The Ascend FS128T kayak creates a "basically the same" visual impression to the overall design of the D'047 patent.

63. The Old Town Predator kayak, with an overall seat design similar to the B100 Seat was marketed to the public at least as early as July 1, 2013.[4] A true and correct copy of the webpage showing this seat design is attached hereto as Exhibit 8.

64. Table 3 below shows the claimed design in the '046 Patent next to the boat seat of the Old Town Predator kayak.



| D'046 Patent | Old Town Predator kayak |

Table 3

---

[3] https://www.texaskayakfisherman.com/forum/viewtopic.php?t=200212
[4] https://www.sportfishingmag.com/gear/fishing-accessories/hardware/old-town-predator-kayak/

EASEPAL ENTERPRISES LIMITED'S COMPLAINT                                CASE NO.
FOR DECLARATORY JUDGMENT

65. The Old Town Predator kayak creates a "basically the same" visual impression to the overall design of the D'046 patent.

66. The Old Town Predator kayak creates a "basically the same" visual impression to the overall design of the D'047 patent.

67. Patent references predating the filing date of the Asserted Patents, including US Patent No. D323,434, International Patent Application WO 97/01299, US 9.242,703 B2, US Patent Application No. 2009/0038526 A1, US Patent No. 8,869,731 B2, US Patent No. 10,065,713 B2, US Patent Application No. US 2009/0038529 A1, European Patent No. EP 2 982 595 A2, US Patent No. 5,911,478, and the references cited during the prosecution of the Asserted Patents, disclose similar designs to the B100 Seats.

68. The Textilene Seats have significant ornamental design differences to the B100 Seats.

## V. EXISTENCE OF AN ACTUAL CONTROVERSY

69. There is an actual controversy between EasePal and Millennium within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

70. Millennium filed the Prior Litigation alleging infringement of the Asserted Patents, trade dress infringement, and unfair competition and false designation of origin against Leader Accessories based upon allegations that Leader Accessories offered for sale, sold, advertised, marketed, and/or imported in or into the United States the Textilene Seats manufactured and sold to Leader Accessories by EasePal.

71. Millennium asked the court in the Prior Litigation to issue temporary, preliminary, and permanent injunctive relief enjoining and restraining Leader Accessories, its agents, and

anyone working for, in concert with, or on behalf of the company from directly or indirectly infringing the Asserted Patents.

72. Millennium has asked the Court in the Prior Litigation to issue temporary, preliminary, and permanent injunctive relief enjoining and restraining Leader Accessories, its agents, and anyone working for, in concert with or on behalf of company from manufacturing, distributing, licensing, using, copying, reproducing, displaying, adapting, offering for sale, and/or selling any product that infringes Millennium's alleged trade dress rights reflected in the B100 Seat.

73. Millennium intends to include EasePal in any injunction relief granted by the court in the Prior Litigation, which has recently been demonstrated through, among other things, written discovery propounded upon Leader Accessories concerning EasePal and through oral and written statements of counsel for Millennium in and related to the Prior Litigation.

74. Based on the foregoing, a justiciable controversy exists between EasePal and Millennium as to whether EasePal's mesh boat seat products, including the Textilene Seats, infringe the Asserted Patents.

75. Based on the foregoing, a justiciable controversy exists between EasePal and Millennium as to whether the Asserted Patent are valid and enforceable.

76. Based on the foregoing, a justiciable controversy exists between EasePal and Millennium as to whether EasePal's mesh boat seat products, including the Textilene Seats, infringe Millennium's alleged trade dress.

77. Based on the foregoing, a justiciable controversy exists between EasePal and Millennium as to whether the development, advertising, sale, and offering for sale of EasePal's

mesh boat seat products, including the Textilene Seats, constitutes unfair competition and false designation of origin under 15 U.S.C. § 1125(a).

78. Absent a declaration of non-infringement, invalidity, or unenforceability, Millennium will continue to wrongfully allege that EasePal's mesh boat seat products, including the Textilene Seats, infringe the Asserted Patents, and thereby cause EasePal irreparable injury and damage.

79. Absent a declaration of non-infringement, Millennium will continue to wrongfully allege that EasePal's mesh boat seat products, including the Textilene Seats, infringe Millennium's alleged trade dress, and thereby cause EasePal irreparable injury and damage.

80. Absent a declaration of non-infringement, Millennium will continue to wrongfully allege that the development, advertising, sale, and offering for sale of EasePal's mesh boat seat products, including the Textilene Seats, constitute unfair competition and false designation of origin, and thereby cause EasePal irreparable injury and damage.

## COUNT ONE

**(Declaratory Judgment of Non-Infringement of the D'046 Patent)**

81. EasePal repeats and realleges each of the allegations of the foregoing paragraphs 1-80 of this Complaint as if fully set forth herein.

82. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement.

83. A judicial declaration is necessary and appropriate so that EasePal may ascertain its rights regarding its mesh boat seat products, including the Textilene Seats, and the D'046 Patent.

84. EasePal is entitled to a declaratory judgment that EasePal and EasePal's mesh boat seat products, including the Textilene Seats, have not infringed and do not infringe, either directly or indirectly, any valid and enforceable claims of the D'046 Patent under 35 U.S.C. § 271.

## COUNT TWO

### (Declaratory Judgment of Non-Infringement of the D'047 Patent)

85. EasePal repeats and realleges each of the allegations of the foregoing paragraphs 1-80 of this Complaint as if fully set forth herein.

86. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement.

87. A judicial declaration is necessary and appropriate so that EasePal may ascertain its rights regarding its mesh boat seat products, including the Textilene Seats, and the D'047 Patent.

88. EasePal is entitled to a declaratory judgment that EasePal and EasePal's mesh boat seat products, including the Textilene Seats, have not infringed and do not infringe, either directly or indirectly, any valid and enforceable claims of the D'047 Patent under 35 U.S.C. § 271.

## COUNT THREE

### (Declaratory Judgment of Invalidity of the D'046 Patent)

89. EasePal repeats and realleges each of the allegations of the foregoing paragraphs 1-80 of this Complaint as if fully set forth herein.

90. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that the D'046 Patent is invalid and unenforceable.

91. A judicial declaration is necessary and appropriate so that EasePal may ascertain its rights regarding the validity of the D'046 Patent.

92. EasePal is entitled to a declaratory judgment that the claim of the D'046 Patent is invalid under one or more provisions of 35 U.S.C. §§ 102, 103, and/or 112.

## COUNT FOUR

**(Declaratory Judgment of Invalidity of the D'047 Patent)**

93. EasePal repeats and realleges each of the allegations of the foregoing paragraphs 1-80 of this Complaint as if fully set forth herein.

94. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that the D'047 Patent is invalid and unenforceable.

95. A judicial declaration is necessary and appropriate so that EasePal may ascertain its rights regarding the validity of the D'047 Patent.

96. EasePal is entitled to a declaratory judgment that the claim of the D'047 Patent is invalid under one or more provisions of 35 U.S.C. §§ 102, 103, and/or 112.

## COUNT FIVE

**(Declaratory Judgment of Non-Infringement of Millennium's alleged Trade Dress)**

97. EasePal repeats and realleges each of the allegations of the foregoing paragraphs 1-80 of this Complaint as if fully set forth herein.

98. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that EasePal has not infringed and is not infringing Millennium's Alleged Trade Dress.

99. A judicial declaration is necessary and appropriate so that EasePal may ascertain its rights regarding its mesh boat seat products, including the Textilene Seats, and Millenium's Alleged Trade Dress.

100. EasePal is entitled to a declaratory judgment that EasePal and EasePal's mesh boat seat products, including the Textilene Seats, is not likely to cause consumer confusion and does not infringe, either directly or indirectly, any trademark rights of Defendant under 15 U.S.C. § 1114(1) or 15 U.S.C. § 1125(a).

## COUNT SIX

**(Declaratory Judgment of No Unfair Competition or False Designation of Origin)**

101. EasePal repeats and realleges each of the allegations of the foregoing paragraphs 1-80 of this Complaint as if fully set forth herein.

102. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that EasePal has not engaged in and is not engaging in unfair competition with Millennium.

103. A judicial declaration is necessary and appropriate so that EasePal may ascertain its rights regarding its rights to continue using the design of its mesh boat seat products, including the Textilene Seats.

104. EasePal is entitled to a declaratory judgment that EasePal, its mesh boat seat products, including the Textilene Seats, and EasePal's conduct described herein does not constitute unfair competition under 15 U.S.C. § 1125(a).

## PRAYER FOR RELIEF

WHEREFORE, EasePal requests judgment against Millennium as follows:

1. Adjudging that EasePal has not infringed, and is not infringing, either directly or indirectly, any valid and enforceable claim of the D'046 Patent, in violation of 35 U.S.C. § 271;

2. Adjudging that EasePal's mesh boat seat products, including the Textilene Seats, have not infringed and are not infringing, either directly or indirectly, any valid and enforceable claim of the D'046 Patent, in violation of 35 U.S.C. § 271;

3. Adjudging that the claim of the D'046 Patent is invalid;

4. Adjudging that the claim of the D'046 Patent is unenforceable;

5. A judgment that Millennium and each of its officers, directors, agents, counsel, servants, employees, and all of persons in active concert or participation with any of them, be restrained and enjoined from alleging, representing, or otherwise stating that EasePal infringes any claims of the D'046 Patent or from instituting or initiating any action or proceeding alleging infringement of any claims of the D'046 Patent against EasePal or any customers, manufacturers, users, importers, or sellers of EasePal's mesh boat seat products, including the Textilene Seats;

6. Adjudging that EasePal has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of the D'047 Patent, in violation of 35 U.S.C. § 271;

7. Adjudging that EasePal's mesh boat seat products, including the Textilene Seats, have not infringed and are not infringing, either directly or indirectly, any valid and enforceable claim of the D'047 Patent, in violation of 35 U.S.C. § 271;

8. Adjudging that the claim of the D'047 Patent is invalid;

9. Adjudging that the claim of the D'047 Patent is unenforceable;

10. A judgment that Millennium and each of its officers, directors, agents, counsel, servants, employees, and all of persons in active concert or participation with any of them, be restrained and enjoined from alleging, representing, or otherwise stating that EasePal infringes any

claims of the D'047 Patent or from instituting or initiating any action or proceeding alleging infringement of any claims of the D'047 Patent against EasePal or any customers, manufacturers, users, importers, or sellers of EasePal's mesh boat seat products, including the Textilene Seats;

11. Adjudging that EasePal has not infringed and is not infringing, either directly or indirectly, any valid and enforceable trademark or trade dress rights of Defendant under 15 U.S.C. § 1114(1) or 15 U.S.C. § 1125(a);

12. Adjudging that that Plaintiff has not engaged in and is not engaging in unfair competition in violation of 15 U.S.C. § 1125(a);

13. Adjudging that Millennium owns no enforceable trademark or trade dress rights in Millennium's Alleged Trade Dress in connection with folding mesh boat seats;

14. Restraining and enjoining Millennium and each of its officers, directors, agents, counsel, servants, employees, and all of persons in active concert or participation with any of them from alleging, representing, or otherwise stating that EasePal's use of EasePal's mesh boat seat products, including the Textilene Seats infringes or dilutes any rights of Millennium in Millennium's Alleged Trade Dress or constitutes unfair competition;

15. Declaring EasePal as the prevailing party and this case as exceptional, and awarding EasePal its reasonable attorneys' fees, pursuant to 35 U.S.C. § 285;

16. That Millennium be ordered to pay all attorneys' fees, expenses, and costs associated with this action;

17. That Millennium be ordered to pay all attorneys' fees, expenses, and costs associated with this action as authorized by statute, code, rule or as otherwise authorized; and

18. Awarding such other and further relief as this Court deems just and proper.

## JURY DEMAND

EasePal hereby respectfully requests a trial by jury of all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED this the 19th day of May 2025.

Respectfully Submitted,

By: /s/Robert A. Biggs, III
Robert A. Biggs III (MSB No. 2541)
bbiggs@bislawyers.com
C. Stephen Stack, Jr. (MSB No. 10768)
sstack@bislawyers.com
**BIGGS, INGRAM & SOLOP, PLLC**
Post Office Box 14028
Jackson, Mississippi 39236-4028
Telephone: (601) 713-1192
Facsimile: (601) 713-1192

William Brees (*Pro Hac Vice forthcoming*)
william@bayramoglu-legal.com
**BAYRAMOGLU LAW OFFICES LLC**
1540 West Warm Springs Road Ste. 100
Henderson, NV 89014
Telephone: (702) 462-5973
Facsimile: (702) 553-3404

*Attorneys for Plaintiff-Intervenor*
*EASEPAL ENTERPRISES LIMITED*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of May 2025, I electronically filed the foregoing document with the clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

/s/Robert A. Biggs, III

**BIGGS, INGRAM & SOLOP, PLLC**